UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL NATKIN and STEPHEN GREEN, )<br><br>Plaintiffs, )<br><br>v. )<br><br>OPRAH WINFREY, as individual, )<br>HARPO PRODUCTIONS, INC., )<br>an Illinois corporation, )<br>BOB GREENE, an individual, )<br>BUENA VISTA BOOKS, INC., )<br>an California corporation )<br>d/b/a HYPERION )<br><br>Defendants. ) | No. 99 C 5367<br><br>Chief Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

Fifteen years after the parties settled their dispute, Plaintiffs Paul Natkin and Stephen Green (collectively "Plaintiffs") have returned to debate the meaning of the parties' settlement agreement. (R. 134, Pls.' Motion to Lift Confidentiality.) However, U.S. Court of Appeals for the Seventh Circuit case law over the past decade makes clear that this Court no longer has jurisdiction over this lawsuit and, therefore, for the reasons set forth below, Plaintiffs' motion is dismissed for lack of jurisdiction.

### BACKGROUND

In the late 1990s, a dispute arose between Plaintiffs and *The Oprah Winfrey Show* over the "usage of, and rights to the images which had been created, as well as ownership of the physical materials embodying the photographers' respective creations." (R. 134, Mot. at ¶ 1.) Plaintiffs filed a suit in the Circuit Court of Cook County and, on August 17, 1999, Defendants

removed the lawsuit to this Court. (R. 1, Notice of Removal.) On October 5, 1999, Plaintiffs filed an eleven-count amended complaint against Oprah Winfrey, Bob Greene, Harpo Productions, Inc., Buena Vista Books, Inc., Hyperion, The Walt Disney Company, and Luchina Fisher (collectively "Defendants") asserting numerous federal and state law claims. (R. 17, Am. Compl.) The amended complaint demonstrates that the Court had federal question jurisdiction over the parties' original dispute. (*Id.* ¶ 1.)

On August 16, 2000, three days into the jury trial, the parties reached a settlement agreement. The settlement agreement was "memorialized on the record in chambers. . . ." (R. 134, Mot. ¶ 5; *see also* R. 129, 8/16/2000 Min. Order.) The Court instructed the parties to "complete the settlement agreement within the next 30 days," and to file the "appropriate stipulation." (R. 129, 8/16/2000 Min. Order.) Subsequently, the parties executed a settlement agreement, and the confidentiality provision of that agreement states: "The Parties and their representatives agree and promise that they shall keep the terms of this Agreement confidential and shall not disclose such terms to any person or organization . . . ." (R. 134, Ex. B to Mot. at § 4.21.) On September 21, 2000, the parties filed their stipulation to dismiss this action with prejudice. (R. 131, Stipulation to Dismiss.) The next day, the Court entered the following minute order:

> Pursuant to the stipulation to dismiss filed by the parties on 9/21/00, this case is dismissed with prejudice and with each party to bear his, her, or its own attorneys' fees and court costs. This court will retain jurisdiction of this case to enforce the terms of the settlement agreement.

(R. 132, 9/22/2000 Min. Order (hereinafter, the "Order").)

Nearly fifteen years later, on July 21, 2015, Plaintiffs filed their "Motion to Lift Confidentiality" requesting that the Court "lift and set aside confidentiality insofar as it purports to apply to the Parties' Agreement in its entirety." (R. 134, Mot. at 6.) Plaintiffs state that they

desire to sell their work, "but are chilled in doing so as a result of the overbroad, burdensome confidentiality which purports to embrace every aspect of the Parties' Agreement." (R. 134, Mot. at ¶ 18.) Plaintiffs argue that: 1) it is Defendants' burden to demonstrate "a justification for such a broad all-encompassing confidentiality"; and 2) the passage of fifteen years and changes in circumstances (*e.g.*, *The Oprah Winfrey Show* has ceased, and there has been an "Internet Revolution") have "erod[ed] the original rationale and perceived need by Defendants[] for confidentiality." (*Id.* at ¶¶ 19, 20-26; *see also* R. 137, Reply at 4.) In response, Defendants argue that the motion is "nothing more than an unsupportable request for this Court to overturn the carefully negotiated contractual agreement that the parties willingly entered into 15 years ago." (R. 136, Defs.' Mot. at 3.)

Plaintiffs' request to lift the confidentiality provision in order for them to disclose the terms of the agreement to third-parties is puzzling—especially in light of the fact that the agreement explicitly contains a provision which allows Plaintiffs to "communicate the terms . . . of this Agreement . . . to a person or entity [who] . . . agrees in writing to keep said terms and conditions confidential." (R. 134, Ex. B to Mot., § 4.7.) As Defendants point out, it appears that Plaintiffs are seeking "a do-over" of the settlement agreement. (*Id.* at 2.) However, regardless of the merits of Plaintiffs' significantly delayed request, the Court has no jurisdiction to decide the parties' dispute.

## ANALYSIS

The first question is whether this Court can even resolve the parties' dispute regarding the settlement agreement. "It is the responsibility of the Court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696-97

(7th Cir. 2007). "Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must." *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

Since the parties' settled in 2000, the Seventh Circuit has repeatedly addressed the issue of retaining jurisdiction for purposes of settlement agreement enforcement. *See Balshe LLC v. Ross*, 441 F. App'x 395, 396 (7th Cir. 2011); *Dupuy v. McEwen*, 495 F.3d 807 (7th Cir. 2007); *Shapo v. Engle*, 463 F.3d 641 (7th Cir. 2006); *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634 (7th Cir. 2006); *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487 (7th Cir. 2002). The Seventh Circuit has declared in no uncertain terms: "[W]hen a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction." *Dupuy*, 495 F.3d at 809. Thus,

> We know from *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380-81 (1994), that a district court does not have jurisdiction to enforce a settlement agreement merely because the agreement was the premise of the court's dismissal of the suit that the agreement settled. And therefore, as we explained in *Lynch* . . . a district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice.

*Shapo*, 463 F.3d at 643 (internal citations altered).

Jurisdiction to enforce a settlement agreement may be explicitly retained by the district court only if: 1) the action is dismissed without prejudice; or 2) a consent decree incorporating the terms of the settlement agreement is entered. *See Id.* at 646; *see also Lynch*, 279 F.3d at 489 ("A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has *not* been dismissed with prejudice), is enforced just like any other contract.").

4

Applying those principles here, it is clear that this Court lacks jurisdiction to resolve the parties' dispute. In September 2000, pursuant to the request of the parties and as was common practice at the time, the matter was dismissed with prejudice. (R. 132, Order.) The Court and the parties all believed that, despite dismissing the lawsuit with prejudice, the Court could retain jurisdiction over enforcement of the settlement agreement. Subsequent case law has demonstrated otherwise. The Seventh Circuit requires more than mere statements purporting to retain jurisdiction to allow enforcement of a settlement agreement once a case has been dismissed with prejudice.

While jurisdiction to enforce a settlement agreement may be explicitly retained by the district court if the action is dismissed without prejudice or a consent decree is entered, neither of those things occurred here. *See Shapo*, 463 F.3d at 642; *Lynch*, 279 F.3d at 489; *Dupuy*, 495 F.3d at 810. The dismissal order is unequivocal. It states: "Pursuant to the stipulation to dismiss filed by the parties on 9/21/00, **this case is dismissed with prejudice**." (R. 132, Order (emphasis added).) Further, although the settlement agreement was referenced in the dismissal order, its terms were not embodied in a consent decree tendered by the parties nor incorporated into any other judicial order. *See Lynch*, 279 F.3d at 489. Because this case was dismissed with prejudice, "it is gone," and this Court cannot "adjudicate disputes arising out of the settlement." *Dupuy*, 495 F.3d at 809.

Additionally, the language retaining jurisdiction is nearly identical to the language in orders deemed insufficient to retain jurisdiction by the Seventh Circuit. The dismissal order states: "This court will retain jurisdiction of this case to enforce the terms of the settlement agreement." (R. 132, Order.) In *Shapo*, the dismissal order stated that the district court "shall retain jurisdiction to enforce the terms of the Parties' settlement and the Parties agree to this

Court's jurisdiction"; however, the Seventh Circuit stated that this declaration had "no significance." 463 F.3d at 642. And, in *Dupuy*, while the district court stated that it was "retain[ing] jurisdiction as provided in the Parties' stipulation," the Seventh Circuit characterized this language as "troublesome." 495 F.3d at 809. Thus, this Court's dismissal order was insufficient under Seventh Circuit case law to provide a basis for jurisdiction over the present dispute.

Because the record reveals no other basis for federal court jurisdiction,[1] the Court lacks authority to consider a disagreement over the settlement agreement. Under the circumstances, Plaintiffs' remedy lies in state court, not federal court. *See Lynch*, 279 F.3d at 489 ("Because the parties are not diverse, any suit to enforce the settlement agreement in this case would have to be brought in state court even though the settlement was of federal as well as state claims.") (citing *Kokkonen*, 511 U.S. at 381-82, and other cases).

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Lift Confidentiality (R. 134) is DISMISSED for lack of jurisdiction.

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

**Dated: December 8, 2015**

---

[1] The amended complaint indicates that Plaintiffs are residents of the State of Illinois, and some of the Defendants are residents of or headquartered in the State of Illinois. (R. 17, Am. Compl.) Thus, diversity jurisdiction will not provide the Court with a jurisdictional basis to entertain Plaintiffs' motion. *See Blue Cross*, 467 F.3d at 634 (while district court did not adequately retain jurisdiction when it approved of a settlement agreement, the parties were diverse and, therefore, the district court had jurisdiction to hear the settlement agreement dispute). In addition, despite the fact that the parties *want* the Court to hear their dispute, the "[p]arties cannot confer federal jurisdiction by agreement." *Shapo*, 463 F.3d at 645.